IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES BARNWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:02-cv-925-DRH |
| | ) |
| MARY WEST, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1 (a) for a Report and Recommendation on the Motion to Dismiss filed by the defendant, Mary West (Doc. 13), on August 18, 2005. For the reasons set forth below, it is **RECOMMENDED** that the Motion to Dismiss be **GRANTED IN PART** and **DENIED IN PART** and **DENIED IN PART WITHOUT PREJUDICE** and that the Court adopt the following findings of fact and conclusions of law:

FINDINGS OF FACT

On August 7, 2002, the plaintiff, James Barnwell (Barnwell), while an inmate at Menard Correctional Center, filed a Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). Barnwell alleges that the defendant West, the paralegal who oversaw the daily operation of the inmates law library, denied him access to the courts[1] when she made false representation in an affidavit regarding his access to the law library.

---

[1] The denial of access to the courts claim is the only issue remaining after the initial Section 1915A screening. (See Doc. 6 - Order dated January 13, 2005).

For purposes of this Motion to Dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of Barnwell. Jet, Inc. v. Shell Oil Co., 381 F. 3d 627, 629 (7th Cir. 2004). Therefore, the following facts are taken from Barnwell's Complaint and are assumed true for purposes of this motion. Barnwell had a motion to reconsider due on September 18, 1997 in Illinois State case number 96-4441 (Illinois State case) (Doc. 1, p. Exh.1). Barnwell ran into a problem with the deadline on his motion to reconsider when the prison was placed on lockdown. (Doc. 1, p. 5; Exh. 3, marked 6-F). When the prison is in lockdown status, inmates are not allowed to physically go to the law library (Doc. 1, p. 5). Defendant West prepared an affidavit which stated that Menard was placed on lockdown from September 26, 1997 until October 10, 1997 (Doc. 1, p. 5, Exh. 1A). This affidavit was also used by the respondent in challenging Barnwell's subsequent federal habeas petition (Doc. 1, Exh. 7-8). West also orally informed the clerk of the Illinois Appellate Court and the Illinois Supreme Court that the institution was in lockdown status during the dates stated in her affidavit. The dates in West's affidavit were incorrect according to a Freedom of Information Act (FOIA) request received by Barnwell from the Illinois Department of Corrections. (Doc. 1, Exh. 6-F, p.2). According to the memorandum from the Illinois Department of Corrections, Menard was on lockdown status in 1997 from September 26, 1997 until November 26, 1997 (Id.). Menard was on lockdown status for 7 1/2 weeks longer than Defendant West stated in her affidavit (Id.). Barnwell requested leave to file his motion to reconsider out of time when the institution was placed on lockdown. (Doc. 1, p. 5). On November 20, 1998, after his motion to reconsider was denied, Barnwell filed a petition for habeas corpus pursuant to 28 U.S.C. § 2244(d) (Doc. 1, p. 5). The timing of the filing of his motion to reconsider effected the timing of the filing of his

habeas corpus petition (Doc.1, Exh. 4, Order of Judge Suzanne B. Conlon dated 2/24/99).[2]

On August 7, 2002, Barnwell filed this lawsuit. His is seeking a declaratory judgment, removal of defendant West from her position at the Menard law library, a list of all Menard inmates who have filed grievances regarding denial of access to the courts during the last seven years, $100.00 in compensatory damages and $250.00 in punitive damages (Doc. 1, p. 9). District Judge Herndon, in his preliminary review of Barnwell's Complaint, determined that Barnwell's claim of denial of access to courts was not subject to summary dismissal at the time of his review (Doc. 6, p. 3).

## CONCLUSIONS OF LAW

Defendant, Mary West, is seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Rule 12(b)(6) provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of plaintiff. Jet, Inc. v. Shell Oil, Co., 381 F.3d 627, 629 (7th Cir. 2004) (discussing a Rule 12(b)(6) motion to dismiss). A complaint can only be dismissed if "there is no possible interpretation of the complaint under which it can state a claim." Treadway v. Gateway Chevrolet Oldsmobile, Inc., 362 F.3d 971,

---

[2] On June 3, 1998 Barnwell's motion for leave to file a late petition for leave to appeal was denied by the Supreme Court of Illinois (Doc. 1; Exh. 2, p. 11). No reason was given for the denial. On February 24, 1999 the District Court for the Northern District of Illinois granted respondent's motion to dismiss Barnwell's petition for a writ of habeas corpus as untimely. (Doc.1, Exh. 4, Order of Judge Suzanne B. Conlon dated 2/24/99). The Court in dismissing Barnwell's habeas petition, found that he filed the petition 25 days late taking into account that the prison lockdown ended October 27, 1997. (The October 27, 1997 date is incorrect as the prison was on lockdown until November 26, 1997). On November 13, 2000 the United States Supreme Court denied Barnwell's petition for a writ of certiorari on his habeas petition (Doc.1, Exh. 3, p. 11).

981 (7th Cir. 2004). Defendant West's sole argument is Barnwell's Complaint is barred by the holding in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994).

It is undisputed that prisoners have a Constitutional right to access the courts. See Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491 (1977). See also, Jenkins v. Lane, 977 F.2d 266, 268 (7th Cir. 1992) (an inmate's access to the courts is the most fundamental of his rights; . . . ."). The Supreme Court clarified this right in Lewis v. Casey, 518 U.S. 343, 116 S. Ct. 2174 (1996). In Lewis, the Court stated that "Bounds did not create an abstract, freestanding right to a law library or legal assistance;" rather, the inmate must establish that failure to provide certain legal assistance "hindered his efforts to pursue a legal claim" – that is, actual injury. 518 U.S. at 351-352, 116 S.Ct. at 2180-2181. An inmate's right to access the courts is thus "ancillary" to an underlying claim seeking relief. Lehn v. Holmes, 364 F.3d 862, 865-866 (7th Cir. 2004).

In Heck, the petitioner, Roy Heck, was convicted of voluntary manslaughter and was serving a fifteen year sentence. Heck filed a suit for damages pursuant to 42 U.S.C. §1983 alleging that he was convicted based on an unlawful investigation and arrest, that the prosecutor failed to submit exculpatory evidence, and that improper evidence was used at trial. The District Court dismissed the lawsuit and the Seventh Circuit Court of Appeals affirmed on the basis that the suit was a habeas corpus petition and because Heck had failed to exhaust state remedies. Heck, 512 U.S. at 479-480, 114 S.Ct. at 2368-2369. In affirming, the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions
> whose unlawfulness would render a conviction or sentence invalid,
> a § 1983 plaintiff must prove that the conviction or sentence has
> been reversed on direct appeal, expunged by executive order,
> declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance
> of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages

> bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 486-487, 114 S.Ct. at 2372 - 2373 (footnotes omitted).

Thus, in general terms, if a plaintiff files suit under §1983 for damages in which he is essentially challenging the validity of his criminal conviction, the suit must be dismissed unless the conviction has been invalidated in some manner.  See Gauger v. Hendle, 349 F.3d 354, 362 (7th Cir. 2003) ("*Heck*, to repeat, says that a criminal defendant can't sue for damages for violation of his civil rights, if the ground of his suit is inconsistent with his conviction having been constitutional until he gets the conviction thrown out.").

However, in the case at bar, Barnwell is not attacking his underlying conviction.  Rather is he claiming that defendant West obstructed his ability to undertake an appeal by making a false representation in her affidavit regarding Barnwell's access to the law library.  He further alleges that he suffered prejudice because of the incorrect dates included in her affidavit.  He is asserting that the correct dates of the prison lockdown were necessary to support his motion for leave to file a late motion for reconsideration and subsequently his habeas petition.  He asserts that failure of defendant West to include the correct dates of the prison lockdown hindered his efforts to pursue a claim.  Barnwell is arguing that West obstructed his ability to vigorously

undertake his appeal.[3]

To further support her argument, defendant relies on Nance v. Vieregge, 147 F.3d 589 (7th Cir. 1998).  When the plaintiff in Nance was transferred from one institution to another, his legal papers, which were stored in a box along with other items, were transferred separately.  Some of the contents in the box were sent to the wrong prison, and some legal materials were never seen again.  These legal materials included photocopies of cases that Nance intended to use in court to support a motion he was arguing.  By the time his case was appealed, Nance had been released from prison.  Nance did not claim there was an ongoing impediment or that it was likely that another deprivation of legal materials would occur.

The present case is somewhat distinguishable from Nance.  In the present case, defendant West submitted dates in her affidavit that appear to be incorrect based on the information Barnwell received from his FOIA request.  Barnwell did not receive the correct dates of the lockdown from his FOIA request until August 14, 2000 (Doc. 1, Exh. 6-F, p.2).  Unlike the plaintiff in Nance who could get other copies of case law, there is no evidence that Barnwell could have received official documentation of the prison lockdown dates any sooner than he did.  Morever, Barnwell is still incarcerated and is still attempting to pursue his state appeal and his federal habeas petition.  Therefore, he is alleging an ongoing hindrance.  Thus, an access to the courts claim is correctly pursued by Barnwell through a § 1983 lawsuit.  Based upon the foregoing, this Court **RECOMMENDS** that the Complaint not be dismissed for failure to state a claim.

---

[3] It does not seem appropriate that a defendant is a § 1983 suit can hinder a prisoner's appeal and then claim that this hindrance cannot result in a lawsuit because the appeal was unsuccessful.

However, Barnwell also seeks compensatory and punitive damages. As damages imply the invalidity of the underlying conviction, damages are only available if the invalidity of the underlying conviction is shown. Both Nance and Hoard v. Reddy, 175 F. 3d 531, 533-34 (7th Cir. 1999), stand for the proposition that if a plaintiff in an access to the courts claim, is seeking damages as part of an access to courts claim, such a remedy is only available if the underlying conviction is expunged. Barnwell cannot seek damages for his claim unless he alleges that his conviction is vacated or expunged, which he does not. To the extent that the Complaint seeks damages for denial of access to the courts, that part of the Complaint is **DISMISSED WITHOUT PREJUDICE**.[4] However, where the plaintiff is seeking an injunction against blocking access to the courts, a suit under § 1983 is permissible. See e.g., Hoard v. Reddy, 175 F. 3d 531 (7th Cir. 1999). Therefore, in so far as the Complaint seeks equitable relief, the Motion to Dismiss the Complaint for failure to state a claim is **DENIED**.

Barnwell also seeks to have defendant West removed from her position at the Menard law library. The Court has no authority to enter such an order, therefore, that portion of the Complaint seeking such relief **DISMISSED WITH PREJUDICE** and **STRICKEN.** Additionally, to the extent that Barnwell Complaint requests a list of all Menard inmates who have filed grievances regarding access to the courts within the last seven years, the Court **RECOMMENDS** that this portion of the Complaint be **DISMISSED WITH PREJUDICE.**

---

[4] In accordance with Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005), even though this case is not directly on point, this Court further RECOMMENDS, should the District Court adopt this Recommendation, that Barnwell be informed that the Court is not making a final decision on the merits of his damages claim. He should also be informed that he may file his damages claim, as a separate lawsuit, if his underlying conviction is vacated or expunged. In addition, Barnwell should also be informed that any such lawsuit would be subject to substantive and procedural requirement including provisions that prevent filing of frivolous lawsuits.

Barnwell has not alleged standing to challenge denial of access claims for others.

For the reasons set forth above, it is the **RECOMMENDATION** of this Court that defendant West's Motion to Dismiss (Doc.13) be **GRANTED IN PART** and **DENIED IN PART** and **DENIED IN PART WITHOUT PREJUDICE**, and that the District Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have ten (10) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: January 26, 2006.**

        **s/ Donald G. Wilkerson**
        **DONALD G. WILKERSON**
        **United States Magistrate Judge**