IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMES BARNWELL,**

**Plaintiff,**

**v.**

**MARY WEST,**

**Defendant.**                                              **No. 02-CV-0925-DRH**

**MEMORANDUM and ORDER**

**HERNDON, District Judge:**

### I. Introduction and Background

On August 7, 2002, James Barnwell, an inmate housed at the Menard Correctional Center, filed this action for deprivations of his constitutional rights pursuant to **42 U.S.C. § 1983** (Doc. 2).[1] Plaintiff alleges that Defendant West made false representations in an affidavit to the United States Supreme Court regarding his access to the law library. He further alleges that due to her false representations, he was not allowed to file a late petition, which in turn resulted in the denial of his pending litigation. Plaintiff was attempting to appeal his post-conviction petition, which was originally denied in criminal case 92-CR-2326, and affirmed on appeal in 96-4441. He is seeking a declaratory judgment, the removal of defendant West from her position at the Menard law library and a list of all Menard inmates who have filed

---

[1] This denial of access to the courts claim is the only issue remaining after the initial Section 1915A screening. (See Doc. 6).

grievances regarding denial of access to the courts during the last seven years. He is seeking both compensatory damages and punitive damages .

On August 18, 2005, Defendant filed a motion to dismiss (Doc. 13). Defendant argues that Plaintiff's claim against Defendant is premised on the assumption that Plaintiff's criminal conviction would have been reversed on appeal. Such a claim is barred by **Heck v. Humphrey, 512 U.S. 477 (1994)**, as the relief sought necessarily implies the invalidity of Plaintiff's criminal conviction. Plaintiff filed an opposition to the motion to dismiss (Doc. 15).

Pursuant to **28 U.S.C. § 636(b)(1)(B)**, Magistrate Donald G. Wilkerson submitted a Report and Recommendation ("the Report") on January 26, 2006 (Doc. 16). The Report recommends that the Court grant in part and deny in part Defendant's motion to dismiss (Doc. 13). It also suggests that the Court dismiss without prejudice Plaintiff's claim for damages for denial of access to courts. Specifically, the Report recommends that the Court deny Defendant's motion to dismiss for failure to state a claim, dismiss with prejudice Plaintiff's request to have Defendant removed from her position and dismiss with prejudice Plaintiff's request to have a list of list of all Menard inmates who have filed grievances regarding denial of access to the courts during the last seven years.

The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within ten days of service of the Report. To date, both parties filed objections to the Report (Docs. 17 & 19). Since timely objections have been filed, this Court must undertake *de novo* review of the Report.

**28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b);** *Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**. In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. ***Id.***

Defendant objects to the portions of the Report where Magistrate Judge Wilkerson found that Plaintiff's claim is not barred by ***Heck*** and that Plaintiff may seek injunctive relief but not damages with respect to his claim of denial of access to the courts (Docs. 17 & 18). Defendant argues that ***Heck*** bars Plaintiff's denial of access to court claim as Plaintiff has not alleged an ongoing violation. While Plaintiff only objects to the Report's recommendation that the Court dismiss with prejudice his request for the list of inmates who have filed grievances regarding denial of access to the courts during the last seven years (Doc. 19). Plaintiff contends that he is not challenging the other inmates denial of access to courts, but that this information would tend to prove a Menard policy and pattern of denying access to courts.

## II. Motion to Dismiss

The standard governing motions to dismiss is well-established. The allegations of the complaint, and all reasonable inferences therefrom, are taken as true, and the question is whether -- under those assumptions -- the plaintiff would have a right to legal relief. ***Baker v. Westinghouse Elec. Co.*, 70 F.3d 951, 954**

(7th Cir. 1995) (citing *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986)).  A plaintiff need not set out in detail all facts upon which a claim is based, but the complaint must allege sufficient facts to outline a cause of action.  *McKay v. Town & Country Cadillac, Inc.*, 991 F. Supp. 966, 969 (N.D. Ill. 1997).  Accord *Kyle v. Morton High School*, 144 F.3d 448, 455 (7th Cir. 1998).  Further, the complaint "must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory."  *McKay* at 969 (quoting *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Dev. Co.*, 758 F.2d 203, 207 (7th Cir. 1985)).  A plaintiff can plead conclusions, but the conclusions "must provide the defendant with at least minimal notice of the claim."  *Kyle* at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)).  The Court is *not* required to accept as true legal conclusions alleged or inferred from pleaded facts.  *McKay* at 969 (citing *Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994)).

It is significant to note that Plaintiff is proceeding *pro se* herein.  The pleadings of *pro se* litigants should not be held to the same stringent standards as pleadings drafted by formally trained lawyers; instead they must be liberally construed.  See *Kyle II v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999)(citing *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988)(pro se complaints/pleadings are to be liberally construed.))  See also *Cruz v. Beto*, 405

**U.S. 319, 322 (1972)**.

### III.  Analysis

The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. ***Smith v. Shawnee Library Sys.*, 60 F.3d 317 (7th Cir. 1995);  *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992)**.  First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." ***Jenkins*, 977 F.2d at 268 (*quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977))**. Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." ***Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987)**.  That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation.  It does not mean that any delay is a detriment.  ***Kincaid v. Vail,* 969 F.2d 594, 603 (7th Cir. 1992),** *cert. denied*, **113 S.Ct. 1002 (1993)**. Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation.  ***Kincaid,* 969 F.2d at 603**.

In ***Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994)**, the Supreme

Court held that a convicted criminal may not bring a civil suit questioning the validity of his conviction until he has gotten the conviction set aside. **See 512 U.S. at 486-87**. The ***Heck*** court held that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." ***Id.* at 486-87**. The Seventh Circuit has clarified that the test under ***Heck*** bars a prisoner's § 1983 claim if his allegations are inconsistent with the validity of his conviction. ***Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003)**. The theoretical possibility of a judgment for the plaintiff based on findings that do not call his conviction into question is irrelevant if the plaintiff's own allegations foreclose that possibility. See ***Id.*** Thus, if a plaintiff files suit under § 1983 for damages in which he is essentially challenging the validity of his criminal conviction, the suit must be dismissed unless the conviction has been invalidated in some manner. ***See Gauger v. Hendle*, 349 F.3d 354, 362 (7th Cir. 2003)**.

Relying on ***Heck*** and ***Nance v. Vieregge*, 147 F.3d 589, 591 (7th Cir. 1998)**, Defendant argues that the case must be dismissed as Plaintiff has not alleged an ongoing violation. In fact, Defendant concedes that ***Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999)**, suggests that injunctive relief is available for an ongoing violation of a person's right of access to the courts, even though money damages

would be barred by ***Heck***.[2]

Here, the Court agrees with the Report and finds that Plaintiff has alleged an ongoing hinderance.  Plaintiff is not attacking his underlying conviction in this suit.  He alleges that Defendant impeded his ability to file an appeal by making false representations in her affidavits regarding his access to the law library.  He also claims that her affidavit contained incorrect dates which caused him prejudice.  Specifically, he maintains that the correct dates of the prison lockdown were necessary to support his motion for leave to file a late motion for reconsideration and subsequently his habeas petition.  Plaintiff alleges that Defendant's failure to provide the correct dates of the prison lockdown stymied his attempts to pursue his claim.  Also, Plaintiff did not receive the correct dates of the lockdown from his Freedom of Information Act request until August 14, 2000.  There is nothing in the record, that reveals that Plaintiff could have gotten this information sooner.  Further, Plaintiff is still incarcerated and is still trying to pursue his state appeal and his federal habeas petition.  Therefore, the Court finds that this claim is not barred by ***Heck*** and ***Nance*** and that pursuant to ***Hoard***, Plaintiff may pursue his access to courts claim for injunctive relief under § 1983.[3]  Thus, the Court denies Defendant's objection to the

---

[2]Defendant also states that she respectfully disagrees with Seventh Circuit precedent on this issue and maintains that ***Heck*** would act as a bar to the case in its entirety.  Defendant wishes to preserve the issue for possible appeal in the hope of achieving a change in Seventh Circuit precedent.

[3]Neither party objects to the Report's finding that Plaintiff may not pursue compensatory and punitive damages because he has not alleged that his conviction has been vacated or expunged.  ***See Nance*** and ***Hoard***.

Report.

As to Plaintiff's objection, the Court also denies this objection. Plaintiff's objection specifically states:

> "In one part plaintiff must object now. the part inquestion is Where this Honorable Court recommend that plaintiff had made an request for the following information, from the defendant's. <u>(I requested a list of all the inmates whom had filed grievances in the pass five years, concerning being denied access to the Menard Correction law library.</u>
> This Honorable Court is under the Misapprehension that plaintiff wanted to Challenge claims for other inmates, access to the Courts. Plaintiff reason for request, <u>was not to challenger any other inmate access to the courts</u>. But to show this or any other Court that menard policy and the lack of access to the law library here, <u>would prove and show a pattern of denying other inmates access to the court.</u>
> ...
> The plaintiff believe these documents are very valuable to my case."

Here, the Court agrees with the Report and finds that Plaintiff is not entitled to these documents. The Court does not see how these documents are relevant to Plaintiff's case at bar. Thus, the Court denies Plaintiff's objection to the Report.

### IV. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 16). The Court **GRANTS in part** and **DENIES in part** Defendant's motion to dismiss (Doc. 13). The Court **DENIES** in part Defendant's motion to dismiss as to the argument that Plaintiff failed to state a claim. The Court **GRANTS in part** Defendant's motion in that the Court **DISMISSES with prejudice** Plaintiff's request to have Defendant

removed from her position and Plaintiff's request to have a list of list of all Menard inmates who have filed grievances regarding denial of access to the courts during the last seven years.  Further, the Court **DISMISSES without prejudice** Plaintiff's claim for compensatory and punitive damages for denial of access to courts.

Pursuant to ***Glaus v. Anderson*, 408 F.3d 382 (7th Cir. 2004)**, the Court **INFORMS** Plaintiff that the Court is not making a final decision on the merits of his damages claim. Barnwell may file his damages claim, as a separate lawsuit, if his underlying conviction is vacated or expunged.  In addition, any such lawsuit would be subject to substantive and procedural requirement including provisions that prevent filing of frivolous lawsuits.

**IT IS SO ORDERED.**

Signed this 16th day of February, 2006.

/s/       David   RHerndon
**United States District Judge**